# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) Case No. 1:07CR00005 |
| v. | ) **OPINION AND ORDER** |
| **JAMES FREDERICK "RICK" BYRD, ET AL.,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Dennis E. Jones, Dennis E. Jones & Associates, P.C., Lebanon, Virginia, for Defendant James Frederick "Rick" Byrd; Thomas J. Bondurant, Jr., Chief, Criminal Division, United States Attorney's Office, Roanoke, Virginia, for United States.*

The defendant James Frederick "Rick" Byrd is charged by indictment with federal program bribery in violation of 18 U.S.C.A. §§ 666(a)(2), 2 (West 2000), and conspiracy to commit money laundering in violation of 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2006). The indictment charges that Byrd paid two bribes to the chairman of the governing body of Buchanan County, Virginia, "in order to obtain [the official's] influence in assisting [the defendant's company], in connection with business and financial transactions with FEMA, Buchanan County and other entities." (Indictment ¶ 3.)

The indictment also charges that in order to disguise and conceal the bribes, Byrd issued checks payable to other businesses which in turn cashed or deposited them in banks and paid the bribe money to the local official.

Byrd filed discovery motions, including a motion seeking a bill of particulars. The motions were considered on referral by the magistrate judge, who denied them based on the government's "open file" policy. The defendant filed a timely objection to the magistrate judge's order, and relies on its brief previously filed in support of its motion for a bill of particulars.[1]

The indictment alleges that the bribes were paid by Byrd on May 27 and June 19, 2002, when Byrd's company was working on a cleanup operation after a flood in Buchanan County. Byrd argues that the facts will show that his company was terminated on June 21, 2002, before the local government was authorized by FEMA to take over the administration of federal funds. Byrd thus contends that the government cannot prove that the bribes were made in relation to the county's business and demands a specific allegation of what business or transaction of

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

- 2 -

Buchanan County the alleged bribes were intended to influence and what quid pro quo the bribes were intended to produce.[2]

As to the money laundering conspiracy count, Byrd argues that the alleged payments of money by Byrd to the middlemen and the resulting bank transactions by them cannot constitute money laundering because these transactions preceded—rather than followed—the bribery and thus did not involve the proceeds of unlawful activity. *See United States v. LaBrunerie*, 914 F. Supp. 340, 341 (W.D. Mo. 1995). Byrd requests a bill of particulars setting forth what other bribery underlies the money laundering conspiracy charge.[3]

The decision to order a bill of particulars is committed to the sound discretion of the court. *See Will v. United States*, 389 U.S. 90, 98-99 (1967). I may modify or set aside any part of the magistrate judge's order only if it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a).

I find that the magistrate judge's decision should be affirmed. The government has confirmed that it will engage in extensive voluntary disclosure in this case. Such

---

[2] Byrd asserts that the government has alleged by way of a press release that the purpose of the bribes was to "mollify" the official who was attempting to oust Byrd's company. (Def.'s Br. 9.) It is Byrd's position that this motivation, if it is truly the basis for the bribery charge, should be set forth formally in a bill of particulars.

[3] Byrd does not attack the legal sufficiency of the indictment. A bill of particulars cannot cure a deficient indictment. *United States v. Quinn*, 359 F.3d 666, 672 n.2 (4th Cir. 2004).

- 3 -

Case 1:07-cr-00005-JPJ-PMS   Document 34   Filed 03/12/07   Page 3 of 4   Pageid#: 108

disclosure is an important factor to consider in deciding whether to order a bill of particulars. *See United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979). Under the circumstances, the magistrate judge's order denying the motions for discovery was not contrary to law or clearly erroneous.

For these reasons, the defendant's Objections (Docket No. 29) are DENIED.

ENTER: March 12, 2007

/s/ JAMES P. JONES
Chief United States District Judge

- 4 -