# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
*Abingdon Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | Criminal No. 1:07cr00005 |
| | ) | |
| JAMES FREDERICK BYRD and | ) | |
| BYRD BROTHERS, INC., | ) | |
| Defendants | ) | |

This matter is before the undersigned on the joint motion of the defendants to unseal the pretrial services and presentence reports of three defendants in two related criminal cases, (Docket Item No. 69), ("the Motion"). The government has filed no written response to the Motion. The Motion was heard before the undersigned on June 26, 2007. The government asserts that, at most, the court may, after *in camera* review, order production of certain portions of the requested reports, but should not order production of the reports in their entirety.

Specifically, the defendants ask the court to unseal the presentence reports prepared for Stuart Ray Blankenship, Kenneth Wolford and Tony Hammons and the pretrial reports prepared for Blankenship in the related cases of *United States v. Ricky Allen Adkins,* 1:04cr00056, and *United States v. Tony Hammons,* 1:05cr00072. The defendants argue that these reports should be provided because they contain information that is material and favorable to their defense. The Indictment issued

-1-

in this case alleges that the defendants, James Frederick Byrd and Byrd Brothers, Inc., ("Byrd Brothers"), were involved in a bribery and bid-rigging scheme which occurred as part of the cleanup of a 2002 flood in Hurley in Buchanan County, Virginia, and which was prosecuted in the *Adkins* and *Hammons* cases. Blankenship, Wolford and Hammons each were previously charged, pleaded guilty and convicted in connection with this bribery and bid-rigging. The defendants assert that, based on the discovery provided by the government, it appears that each of these men will testify on behalf of the government in this case. The government has not denied this.

Once a defendant has made a plausible showing to the court that privileged or confidential information in the possession of the government is both material and favorable, the court must review the information *in camera* to determine whether it must be disclosed. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 58-60 (1987); *Love v. Johnson*, 57 F.3d 1305, 1313 (4th Cir. 1995). In *United States v. Trevino*, 89 F.3d 187 (4th Cir. 1996), the Fourth Circuit Court of Appeals, however, held that, when a defendant seeks disclosure of presentence reports, the defendant must make a higher showing to justify their *in camera* review. The Fourth Circuit held that an *in camera* review of presentence reports was required only when a defendant clearly specifies the information contained in the report that he expects is exculpatory or will impeach a government witness and plainly articulates how the information will be both material and favorable to his defense. *See Trevino*, 89 F.3d at 192-193. Furthermore, the Fourth Circuit noted that the reviewing court "may consider, among other things, whether the material may be available from other sources and, if impeachment material, whether the witness will effectively be impeached

otherwise." *Trevino*, 89 F.3d at 193 n.6. Of course, all of these factors must be considered against the backdrop of how the "confidentiality of [presentence reports] has always been jealously guarded by the drafters of the federal rules, and by the federal courts." *Trevino*, 89 F.3d at 192. I will now, in turn, determine whether the defendants have made the showing required to justify *in camera* review of each of the requested reports.

The defendants argue that Wolford's presentence report should be produced because it contains "a significant number of representations by Wolford as to his involvement both in the offenses to which he pleaded guilty and the offenses alleged in the instant case." (Motion at 7.) The defendants note that, in his grand jury testimony, Wolford repeatedly denied paying any bribes to Blankenship. Nonetheless, he eventually pleaded guilty to involvement in the bribery and bid-rigging scheme with Blankenship as alleged by the government. Thus, the defendants assert that Wolford's admissions as to his role in those offenses, and these alleged instant offenses, would impeach his credibility as a witness by showing that he had lied to the grand jury previously. The defendants further argue that the presentence report should include information concerning the government's motion for a downward departure from the sentencing guidelines based on his substantial assistance. The defendants also argue that the discovery produced thus far by the government strongly suggests that other members of Wolford's family were significantly involved in Wolford's activities. The defendants argue that this information would assist them in impeaching Wolford as to his motivation for testifying to protect his family members. (Motion at 7.) In response, the government argues that evidence with regard to Wolford's substantial assistance

-3-

would not be contained within the presentence report, but, rather, would be contained in the government's motion for the downward departure and in the hearing held before the district judge on the motion.

Based on the arguments and representations of counsel, I find that the defendants have made the required showing to require an *in camera* review of Wolford's presentence report to determine whether it contains any of his own statements as to his involvement in the offense conduct charged in Case No. 1:04cr00056 as well as his involvement in the alleged offense conduct charged in this case. I also find that the defendants have made the required showing to justify an *in camera* review of Wolford's presentence report to determine whether it contains any information concerning the involvement of his family members in the offense conduct charged in Case No. 1:04cr00056 or in the alleged offense conduct charged in this case. With regard to this information, I find that the defendants have clearly specified information contained in the report and have plainly articulated how that information will be both material and favorable in that it could be used to impeach Wolford's testimony and his credibility.

With regard to the defendants' request that the presentence report be reviewed to determine if it contains information concerning Wolford's substantial assistance, I find that the defendants have not made the required showing necessary to justify *in camera* review of the presentence report on this basis. In particular, I find that the defendants have failed to specify information likely to be contained in the presentence report. Also, even if the required showing had been made, I find that this information is more readily available from other sources.

-4-

Case 1:07-cr-00005-JPJ-PMS   Document 83   Filed 07/09/07   Page 4 of 7   Pageid#: 309

In a separate indictment issued in Case No. 1:05cr00072, Hammons was charged with perjury based on his denial before the grand jury that he had not been compensated by Byrd Brothers for work he performed during the Hurley cleanup. This charge was dismissed pursuant to Hammons's plea agreement with the government. Despite the dismissal of this charge, the defendants argue that the presentence report should contain Hammons's statements as to his involvement in the offense conduct, including his admission of whether or not he lied to the grand jury. The defendants also argue that Hammons has made statements in the past that he has suffered from medical conditions which had affected his ability to remember the events at issue. The defendants argue that this information could be used to impeach Hammons's testimony by attacking his credibility. Based on the arguments and representations of counsel, I find that the defendants have made the required showing to justify an *in camera* review of Hammons's presentence report to determine whether it contains any of his own statements as to whether or not he lied to the grand jury and to determine whether it contains any information as to medical conditions which may affect Hammons's memory. I find that the defendants have clearly specified information contained in the report and have plainly articulated how that information will be both material and favorable in that it could be used to impeach Hammons's testimony and his credibility.

The defendants also argue that Blankenship's presentence report should be produced. The defendants argue that Blankenship twice testified before the grand jury, repeatedly downplaying his role in the bribery and bid-rigging scheme. Ultimately, however, Blankenship pleaded guilty to racketeering conspiracy and money laundering conspiracy. The defendants also assert that the government has

-5-

provided information that Blankenship attempted to extort money from co-defendants even while he was pretending to cooperate with the government. The defendants assert that Blankenship's presentence report should contain statements he has made admitting his role in the scheme. The defendants also assert that Blankenship's presentence report should contain information with regard to Blankenship's mental health. In particular, the defendants note that the court ordered a mental health evaluation be performed on Blankenship after it was alleged that he had threatened to kill his ex-wife while on pretrial release. The defendants assert that this information should be included in the presentence report and could be used to impeach Blankenship's competency to testify as a witness.

Based on the arguments and representations of counsel, I find that the defendants have made the required showing to justify an *in camera* review of Blankenship's presentence report to determine whether it contains any of his own statements as to his involvement in the offense conduct charged in Case No. 1:04cr00056, as well as his involvement in any attempts to tamper with the witnesses in that case, and his involvement in the alleged offense conduct charged in this case. I find that the defendants have clearly specified information contained in the report and have plainly articulated how that information will be both material and favorable in that it could be used to impeach Blankenship's testimony and his credibility. With regard to the defendants' request for the court to review the presentence report to determine whether it contains any information regarding Blankenship's court-ordered mental health evaluation, I find that the defendants have made the showing necessary to prompt such a review. Nonetheless, I further find that another, better, source for that information exists – the psychological

reports filed with the court as a result of Blankenship's court-ordered evaluation. Therefore, I will deny the defendants' request to review Blankenship's presentence report with regard to information concerning Blankenship's court-ordered psychological evaluation.

While the defendants also seek the production of the pretrial reports prepared for Blankenship, these will not be reviewed because any pretrial reports dealing with alleged violations of Blankenship's conditions of pretrial release, such as Petitions for Actions Upon Conditions of Pretrial Release or Bond Violation Reports, are a matter of public record in the *Adkins* case and are open to public review.

Upon the undersigned's *in camera* review of the presentence reports as outlined above, an appropriate order will be entered outlining what, if any, portions of the presentence reports will be produced.

        ENTER: July 9, 2007.

        /s/ *Pamela Meade Sargent*
        UNITED STATES MAGISTRATE JUDGE