# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00005 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| JAMES FREDERICK "RICK" BYRD, ) | By: James P. Jones |
| ET AL., ) | Chief United States District Judge |
| Defendants. ) | |

*Howard C. Vick, Jr., Timothy J. Heaphy, and Jeremy S. Byrum, McGuireWoods, LLP, Richmond, Virginia, for Defendant James Frederick "Rick" Byrd; Dennis E. Jones, Dennis E. Jones & Associates, P.C., Lebanon, Virginia, for Defendant Byrd Brothers, Inc.; Thomas J. Bondurant, Jr., Chief, Criminal Division, and Jennifer R. Bockhorst, Assistant United States Attorney, United States Attorney's Office, Roanoke, Virginia, for United States.*

The defendants in this criminal case have filed motions to dismiss the Superseding Indictment. For the reasons stated, I will deny these motions.

I

The defendants, James Frederick "Rick" Byrd and Byrd Brothers Inc., are charged by Superseding Indictment with federal program bribery, 18 U.S.C.A. § 666(a)(2) (West 2000 & Supp. 2007) (Counts One and Two), conspiracy to violate the Travel Act, 18 U.S.C.A. § 1952(a)(3) (West 2000) (Count Three), and conspiracy

to commit money laundering, 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2007) (Count Four).

The Superseding Indictment alleges that Byrd was "employed as a consultant and agent for Byrd Brothers, Inc., to represent the corporation and act on its behalf during the Hurley flood clean up efforts." (Superseding Indictment ¶ 2.) The Superseding Indictment charges that Byrd paid two bribes to the chairman of the governing body of Buchanan County, Virginia, "in order to obtain [the official's] influence in assisting Byrd Brothers, Inc., in connection with business and financial transactions with FEMA, Buchanan County and other entities." (Superseding Indictment ¶ 3.)

The Superseding Indictment also alleges that in order to disguise and conceal the bribes, Byrd issued two checks payable to businesses acting as middlemen, which in turn cashed or deposited them in banks and paid the bribe money to the local official. Specifically, it is alleged that on or about May 27, 2002, Byrd wrote a check from a personal account with a bank in North Carolina that was later deposited by a middleman into an account with a bank in Buchanan County, Virginia. (Superseding Indictment ¶ 4.) The second check was allegedly written by Byrd on or about June 19, 2002, from a Byrd Brothers account with a bank in North Carolina and then cashed by another middleman at a bank in Kentucky. (Superseding Indictment ¶ 6.)

II

The defendants argue that Counts One and Two of the Superseding Indictment should be dismissed on several grounds. First, they claim that dismissal is necessary because 18 U.S.C.A. § 666(a)(2) is unconstitutional as applied in these counts. Specifically, the defendants assert that "Congress . . . exceeded its authority under the Spending Clause and the Necessary and Proper Clause by failing to require the government to plead and prove a nexus between the alleged bribes and the federal funds received by Buchanan County." (Defs.' Br. 3.) Second, both defendants claim that venue is improper as to Count Two. (*Id*. at 2.) Third, Byrd Brothers argues that these counts should be dismissed because the Superseding Indictment does not allege that the bribes were paid in connection with any business, transaction, or series of transactions of Buchanan County, as required under § 666(a)(2). (*Id*. at 4.)

But as the defendants conceded either in their joint brief or at oral argument, none of these grounds for dismissing Counts One or Two can be disposed of at this time because these arguments address the sufficiency of the evidence to be presented at trial. In short, unless the government is willing to stipulate or proffer the evidence that it will present at trial, I cannot decide challenges to the sufficiency of the evidence in a pretrial ruling. *See United States v. Jones,* 117 F. Supp. 2d 551, 553 (W.D. Va. 2000).

The defendants contend, however, that their multiplicity argument as to Counts Three and Four is ripe and should be addressed by the court at this time. They argue that the Superseding Indictment is multiplicitous because it charges a single conspiracy in two separate counts. According to the defendants, allowing the government to pursue both counts at trial would confuse the jury and could prejudice them by creating the illusion that they have committed not one but several crimes. *See Ware v. United States*, 124 F. Supp. 2d 590, 600-01 (M.D. Tenn. 2000) (citing *United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).

I decline to decide the multiplicity issue at this time, because despite the defendants' arguments, I find that a proper remedy would be to vacate one of the counts in the event that the defendants are convicted of both counts at trial.

The defendants also contend that the Travel Act conspiracy count should be dismissed on the grounds that the Superseding Indictment fails to allege the use of a "facility" in interstate commerce. They argue that the only interstate facilities referred to in the Superseding Indictment are the federally insured banks used to deposit and cash the checks, and this alleged use of interstate facilities may be so "minimal, incidental, and fortuitous that it would be inadequate to trigger criminal liability under § 1952(a)(3)." (Defs.' Br. 14-15.) However, it was conceded at oral argument that Fourth Circuit precedent suggests that even a minimal use of interstate

-4-

facilities is sufficient. *See United States v. LeFaivre,* 507 F.2d.1288, 1291-94 (4th Cir. 1974). The defendants also recognize that this challenge to Count Three cannot be decided prior to trial because it requires the court to consider evidence not yet presented.

As to the money laundering conspiracy count, the defendants argue that the checks written by Byrd and the resulting bank transactions cannot constitute "proceeds" of unlawful activity under the money laundering statute, because these financial transactions preceded—rather than followed—the bribery. *See United States v. LaBrunerie*, 914 F. Supp. 340, 341 (W.D. Mo. 1995). The defendants contend that "[t]he Indictment charges Mr. Byrd and Byrd Brothers with conspiracy to launder funds through the same transaction that is alleged to have tainted the funds in the first place. The allegation essentially bootstraps the money laundering charge to the underlying act of bribery which occurred simultaneously." (James F. Byrd's Br. 13.)[1] The government counters that the bribery offense did precede the financial transactions because a bribery offense is complete once the bribe is offered or solicited. While the parties have extensively briefed this issue, as it was conceded at

---

[1] This brief was written in response to the initial Indictment that also contained a money laundering conspiracy count. In considering the motions to dismiss the Superseding Indictment, I have also reviewed the motions regarding the initial Indictment because the defendants refer back to their earlier arguments, and the government did not file a response to the motions to dismiss the Superseding Indictment.

-5-

oral argument, I cannot decide this issue before trial because it requires a review of the government's evidence.

Finally, Byrd Brothers Inc., has filed a separate Motion to Dismiss the Superseding Indictment in its entirety. Byrd Brothers argues that the Superseding Indictment fails to state a claim against the company, because it does not allege that Byrd was acting within the scope of his employment or that he acted to benefit the company. I find that this claim is without merit. The Superseding Indictment specifically states that "Byrd was employed as a consultant and agent for Byrd Brothers, Inc., to represent the corporation *and act on its behalf* during the Hurley flood clean up efforts." (Superseding Indictment ¶ 2) (emphasis added). The Superseding Indictment also charges that Byrd paid bribes to a county official "in order to obtain [the official's] influence *in assisting* Byrd Brothers, Inc." (Superseding Indictment ¶ 3) (emphasis added).

I find that these allegations are sufficient. *See United States v. Automated Med. Labs.*, *Inc.*, 770 F.2d 399, 406 (4th Cir. 1985) (holding that an employee is acting within the scope of his employment even if his acts are unlawful, if they are done to benefit the company). While Byrd Brothers argues that the allegations are insufficient, in reality, the defendant is once again contesting the sufficiency of the evidence that is to be presented at trial.

-6-

Case 1:07-cr-00005-JPJ-PMS   Document 93   Filed 08/07/07   Page 6 of 7   Pageid#: 366

## III

For the reasons stated, it is hereby **ORDERED** as follows:

1. That the defendants' motions to dismiss the original Indictment (Dkt. Nos. 44, 46, and 49) are DENIED as moot; and

2. That the defendants' motions to dismiss the Superseding Indictment (Dkt. Nos. 85, 87, 88, 90) are DENIED.

ENTER: August 7, 2007

/s/ JAMES P. JONES
Chief United States District Judge