# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:07CR00005 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| JAMES FREDERICK "RICK" BYRD, ) | By: James P. Jones |
| ET AL., ) | Chief United States District Judge |
| Defendants. ) | |

The defendants in this criminal case filed motions to dismiss the Superseding Indictment which motions I denied by an Opinion and Order entered August 7, 2007. Defendant Byrd Brothers, Inc., has now filed a pleading entitled, "Notice of Failure to Rule on Byrd Brothers, Inc.'s Supplemental Motion to Dismiss and Request for Ruling." (Dkt. No. 94.) It contends that the court failed to rule on its Supplemental Motion to Dismiss the Superseding Indictment ("Supplemental Motion") filed July 20, 2007. (Dkt. No. 90.) The Notice seeks a written ruling on the Supplemental Motion.

Although my Opinion did not specifically discuss the Supplemental Motion, the Order does explicitly deny this motion. (Dkt. No. 93 at 7.) Because Byrd Brothers' arguments in the Supplemental Motion are similar enough to those raised in the other motions, the Opinion did not need to explicitly address the Supplemental

Motion.

For example, Byrd Brothers argues in the Supplemental Motion that Counts One and Two must be dismissed because the government has improperly alleged violations of 18 U.S.C.A. § 666(a)(2) (West 2000 & Supp. 2007). Specifically, the defendant states "Counts One and Two of the Superseding Indictment attempt to expand the manner in which 18 U.S.C. [§] 666 can be violated and in doing so violates the Defendant's Fifth and Sixth Amendment Rights." (Dkt. No. 90 at 7.) As to Count Three, the defendant argues that the Superseding Indictment "fails to allege conduct which constitutes a conspiracy to violate the Travel Act." (*Id*.)

As I stated in the earlier Opinion, none of the defendants' grounds for dismissing Counts One, Two, or Three, including those raised in the Supplemental Motion, can be disposed of at this time because these arguments address the sufficiency of the evidence to be presented at trial. *See United States v. Jones,* 117 F. Supp. 2d 551, 553 (W.D. Va. 2000).

It is so **ORDERED**.

ENTER: August 19, 2007

/s/ JAMES P. JONES
Chief United States District Judge